IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| JOSE REYES, *pro se*, | * | |
| Petitioner, | * | |
| v. | * | CRIMINAL NO.: WDQ-09-0192 |
|  | * | CIVIL NO.: WDQ-09-3467 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

MEMORANDUM OPINION

Jose Reyes pled guilty to receipt of stolen United States property and aggravated identity theft. On July 13, 2009, he was sentenced to 30 months imprisonment. Pending is Reyes's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court has determined that no hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Reyes's motion will be denied.

I. Background

The following facts were agreed to by Reyes and included in his June 22, 2009 Plea Agreement. Govt. Opp., Ex. 1 [hereinafter "Plea Agreement"]. From February to March 2005,

1

Reyes participated in a scheme to steal United States Treasury Checks and cash them at liquor and convenience stores. Plea Agreement 8. Reyes and others stole the checks--which were mostly tax refunds and other federal benefits--from the mailboxes of the payees. *Id*. Reyes and others cashed the checks using fraudulent identification documents. *Id*.

On March 9, 2005--in furtherance of this scheme--Reyes cashed a check payable to a person with the initials A.B. at the Jessup Deli in Howard County, Maryland. *Id*. Reyes presented fraudulent identification that he knew was in the name of another person. *Id*. Reyes's fingerprints were found on the check, and he was photographed during the transaction. *Id*.

On July 13, 2009, Reyes pled guilty to receipt of stolen United States property and aggravated identity theft, in violation of 18 U.S.C. §§ 641 and 1028A, respectively. Govt. Opp., Ex. 2 [hereinafter "Rearraignment Hr'g Tr."]. The same day, he was sentenced to 30 months imprisonment. *Id*. at 22. On December 28, 2009, Reyes moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Paper No. 18.

II. Analysis

   A. Reyes's Motion

Reyes argues that his aggravated identity theft conviction should be vacated because there was not a sufficient factual

basis for his plea.  Reyes relies on the Supreme Court's recent decision in *Flores-Figuera v. United States*, 129 S. Ct. 1886 (2009), which established that an aggravated identity theft conviction requires proof that the defendant knew that the "means of identification" he used belonged to "another person," *id*. at 1894.  Reyes contends that his conviction must be vacated because he did not have the required knowledge.

Reyes's argument is contradicted by his stipulations in the Plea Agreement and sworn statements at the rearraignment.  The Statement of Facts attached to the Plea Agreement states that on March 9, 2005, Reyes cashed a check using a fraudulent identification that he "knew . . . was in the name of another person."  Plea Agreement 8.  At the rearraignment, Reyes stated under oath that he had read and understood the Statement of Facts, and that it was true.  Rearraignment Hr'g Tr. at 13.  The Assistant United States Attorney then recited the Statement of Facts, including the stipulation that during the March 9, 2005 transaction, Reyes "knew that the identification he used to cash the check was in the name of another person."  Rearraignment Hr'g Tr. 19.  Reyes again confirmed that the Statement of Facts was true.  *Id*. 19-20.

Reyes's admissions provided a sufficient factual basis for his plea. Accordingly, his motion to vacate, set aside or correct his sentence will be denied.

B. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the Court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Reyes has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Reyes's motion to vacate, set aside, or correct his sentence will be denied.

June 3, 2010                                         _____/s/_____
Date                                                          William D. Quarles, Jr.
                                                               United States District Judge